Filed 7/2/13  P. v. Gadley CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID FITZGERALD GADLEY,<br><br>    Defendant and Appellant. | F065232<br><br>(Super. Ct. No. F11902940)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Hamlin, Judge.

Kim Malcheski, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Kathleen A. McKenna, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Gomes, Acting P.J., Poochigian, J. and Franson, J.

Defendant and appellant David Fitzgerald Gadley contends the trial court abused its discretion when it struck, for purposes of sentencing, one but not both of defendant's prior strikes. We conclude the court acted well within the bounds of judicial discretion; accordingly, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

On May 23, 2011, as 66-year-old Adan Macias walked to the bus stop late at night after leaving work in downtown Fresno, defendant and an accomplice knocked him to the ground. Defendant kicked Macias and the accomplice stole money from his person.

A jury found defendant guilty of second degree robbery in violation of Penal Code section 211. Defendant admitted two prior serious or violent convictions under the "Three Strikes" law (see Pen. Code, § 667, subds. (b)-(i); *id*., § 1170.12, subds. (a)-(d)) and admitted other enhancement allegations. After considering defendant's invitation to strike the two prior strike convictions, the court exercised its discretion to strike one of the prior strikes for purposes of sentencing in the present case. (See *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530.) The court sentenced defendant to the upper term of five years for the robbery, doubled, because of the remaining strike. (See Pen. Code, § 667, subd. (e)(1).) The court also struck one prior prison term enhancement and imposed sentence on other prior conviction and prior prison term enhancements (see Pen. Code, §§ 667, subd. (a)(1), 667.5, subd. (b)), for a total operative sentence of 23 years.

## DISCUSSION

A sentencing court has discretion to strike for purposes of sentencing under the Three Strikes law one or more strikes incurred by a defendant. In exercising this power, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the … spirit [of the Three Strikes law], in whole or in part, and hence should be treated as though he

2.

had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) We review the trial court's determination for abuse of discretion. (*Id*. at p. 162.)

In its thorough examination of defendant's "background, character, and prospects," the trial court noted that defendant had not been out of custody for more than a few months at a time since his first felony conviction in 1989, that defendant had been released on parole more than a dozen times and had failed to reform, and that defendant's pattern of violently victimizing weak and vulnerable persons showed no signs of abating. The court described defendant as a "dangerous predator." In response to defendant's suggestion that his crimes were all related to his drug addiction, the court noted that defendant had many opportunities to confront that addiction, but only chose to recognize it as a problem on those occasions when he faced the possibility of long prison sentences. Because defendant is a "very dangerous career criminal," a sentence under the Three Strikes law was appropriate, the court concluded.

Defendant contends the trial court gave insufficient weight to the facts that defendant was an abused child and that he has been a drug abuser since he was a teenager. The court viewed the matter somewhat differently: it determined that defendant had repeatedly failed to make any effort to overcome these problems, and that defendant only acknowledged his drug problem when it was convenient to do so, namely, when defendant otherwise faced the potential of long prison sentences. We agree with the trial court. A life of crime cannot be justified or excused by drug use; the failure to "follow through in efforts to bring his substance abuse problem under control" is not a mitigating circumstance justifying a decision to strike a strike. (*People v. Williams, supra,* 17 Cal.4th at p. 163.) Defendant also contends the trial court abused its discretion by failing to find defendant's second strike, a crime committed in 2004, remote. This argument "is without merit where, as here, the defendant has led a continuous life of crime." (*People v. Pearson* (2008) 165 Cal.App.4th 740, 749.) Although defendant was

3.

not convicted of a crime between his parole from that strike offense in 2007 and the present offense in May 2011, four years is not a significant time to demonstrate rehabilitation, especially when defendant had five parole violations during that time.

In this case, the trial court carefully considered defendant's arguments in favor of striking his strikes, and was partially persuaded. However, the court's carefully articulated reasons for not striking the second strike show that a two-strike sentence in this case was fully within the spirit and purposes of the Three Strikes law. The court did not abuse its discretion.

## DISPOSITION

The judgment is affirmed.